FILED
2009 Aug-06 AM 10:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESSCA DAUGHERTY, by and through her mother and next friend, JANET B. DAUGHERTY, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 2:09-CV-1293-VEH |
| v. | )<br>) |
| ROYAL TRUCKING COMPANY; and MICHAEL J. SMITH, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Plaintiff Jessca Daugherty, a minor, who sues by and through her mother and next friend, Janet B. Daugherty ("Daugherty"), originally filed this motor vehicle negligence case in the Circuit Court of Jefferson County, Alabama, against Defendants Royal Trucking Company ("Royal") and Michael J. Smith ("Smith") on or about May 26, 2009.  (Doc. 1 ¶ 1; *see also* Doc. 1-2 at Compl. at 1).  The lawsuit stems from injuries and damages purportedly sustained by Daugherty as a result of an accident, which occurred on or about November 29, 2008.  (Doc. 1 ¶ 3; Doc. 1-2 at Compl. ¶¶ 4, 9).

Defendants removed the litigation to this court on June 26, 2009, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction. (Doc. 1 ¶ 9). On July 1, 2009, the lawsuit was reassigned to the undersigned. (Doc. 3). Because this court concludes that it lacks subject matter jurisdiction premised upon diversity, it *sua sponte* remands the case to the Circuit Court of Jefferson County.

## II.   SUBJECT MATTER JURISDICTION

### A.   General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire

into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More

specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B. Diversity Jurisdiction

Defendants premise their removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity requires: (1)

a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1. Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Further, a party's citizenship is determined at the time of removal, and the failure to properly establish the existence of diversity between every plaintiff and every defendant is a procedural defect. *See Corporate Management Advisors, Inc., v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) ("However, we conclude that the failure to establish a party's citizenship at the time of filing the removal notice is a 'procedural, rather than jurisdictional, defect . . . .' *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)."). This court's decision to remand does not turn upon the citizenship requirement.

### 2. Amount in Controversy Requirement

It is beyond question that this court has an independent jurisdictional duty to evaluate the sufficiency of a removing party's statement about the amount in

controversy. Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000. 28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 2877 (2008).

In assessing the propriety of removal, "the court considers the documents <u>received by the defendant from the plaintiff</u> . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211 (emphasis added). In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the

amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Similarly, in this case, the court finds that the allegations about the amount in controversy made in the notice of removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in controversy requirement. In their notice of removal, Defendants unpersuasively maintain that even though Daugherty failed to ask for any specific monetary award, her assertion of claims and injuries stemming from a motor vehicle collision (including bodily injuries, pain and suffering, emotional distress, neck surgery, hospitalization, loss of income, and loss of job) and her demand for unspecified compensatory and punitive damages make this case appropriately removable. (Doc. 1 ¶¶ 11-12; *see also* Doc. 1-2 at Compl. ¶ 14). Such an amount in controversy statement is insufficient under *Lowery*'s holding that a removing party show the existence of federal jurisdiction <u>without any ambiguity</u>. *Id.*, 483 F.3d at 1214.

In their petition, Defendants do not even acknowledge the existence of *Lowery* much less explain how their present removal satisfies the opinion's multi-faceted jurisdictional standard. Instead, Defendants unhelpfully cite <u>only</u> to pre-*Lowery* decisions. (*See, e.g.,* Doc. 1 ¶¶ 12-13 (citing *Bolling v. Union Nat. Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995); *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins.*

7

*Co.*, 995 F. Supp. 1388, 1392-93 (M.D. Ala. 1998); *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938))).

Additionally, while Defendants cite to several jury verdicts from various counties in their notice of removal that are in excess of the jurisdictional minimum, (*see, e.g.*, Doc. 1 ¶ 14 (citing *Hathcock v. Wood*, 815 So. 2d 502, 506, 511 (Ala. 2001)) (upholding jury verdict reached in Etowah Circuit Court (CV 96-330) awarding $200,000 to the motorist and $600,000 to her passenger-husband); Doc. 1 ¶ 15 (citing *Daniels v. East Alabama Paving, Inc.*, 740 So. 2d 1033, 1052, 1036 (Ala. 1999)) (remanding to Macon Circuit Court (CV 95-010) with directions to reinstate "judgment based on the original jury awards" including the amounts of $2,500,000, $200,000, $175,000, $150,000, and $104,000, per respective plaintiff); Doc. 1 ¶ 15 (citing *Ex parte Goldsen*, 783 So. 2d 53, 54 (Ala. 2000)) (noting jury verdict reached in Mobile Circuit Court (CV 97-531) awarding $76,898.39 in damages for injuries arising out of an automobile accident)), *Lowery* makes it clear that this court should only consider those documents "received by" Defendants from Daugherty in assessing satisfaction of the amount in controversy requirement. *Lowery*, 483 F.3d at 1211.

Moreover, even if a removing party's reliance upon anecdotal evidence of

comparable jury verdicts to support the amount in controversy requirement survives *Lowery*, none of the decisions cited by Defendants arises out of Jefferson County. Additionally, while generally categorizing their list of illustrative cases as all arising out of automobile accidents, Defendants still fail to indicate which, if any, of those jury decisions involve facts, claims, injuries, and/or defenses similar to those that are present in this litigation.  Accordingly, no underlying basis exists for Defendants (or this court) to reasonably (and far from unambiguously) determine that the collected verdicts relied upon by them are fairly representative of the value of Daugherty's case.

In their notice of removal (and in the absence of any referenced legal authority), Defendants also unsuccessfully maintain that "<u>it is in good faith that this Defendant believes</u> that the amount in controversy exceeds the sum in value of $75,000.00" based upon Daugherty's "theories of negligence, wantonness and negligent entrustment" (Doc. 1 ¶ 17 (emphasis added)). However, the standard under *Lowery* is not whether a defendant "in good faith . . . believes" satisfaction of the amount in controversy requirement exists, but rather whether <u>Defendants have unambiguously established</u> that the monetary threshold has been met.[1]

---

[1] Defendants also state in support of their removal that "<u>[i]t cannot be said with legal certainty under Alabama law that the monetary value of these Plaintiffs' claims in this trucking accident litigation for personal injury claims do not exceed $75,000,</u>

9

Furthermore, several persuasive post-*Lowery* opinions exist that support remanding this case for Defendants' failure to satisfy the amount in controversy requirement. *See, e.g., Beasley v. Fred's Inc.*, No. 08-0120-WS-C, 2008 WL 899249, at *1 (S.D. Ala. Mar. 31, 2008) (remanding *sua sponte* because "[t]he amount in controversy [was] not apparent from the face of the complaint, because there [was] no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not"); *Spivey v. Fred's Inc.*, 554 F. Supp. 2d 1271, 1275 (M.D. Ala. 2008) (remanding *sua sponte* on the basis that the "court is not permitted to speculate as to the amount of damages in evaluating whether the jurisdictional amount has been met"); *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1278 (M.D. Ala. 2008) (granting motion to remand in removed wrongful death action on grounds that "defendant and the court may not speculate about the amount in controversy, nor should 'the existence of jurisdiction' be 'divined by looking to the stars'") (citing *Lowery*, 483 F.3d at 1215).[2]

---

exclusive of interest and costs" in support of their removal. (Doc. 1 ¶ 13 (emphasis)). Again, this standard is offered in the absence of any cited authority, and regardless it is a misstatement of Defendants' jurisdictional burden within the Eleventh Circuit.

[2] The undersigned has also rendered several *Lowery*-based remand decisions from which the analysis and disposition of this case persuasively flow. *See, e.g., Wood v. Option One Mortgage Corp.*, No. 4:08-CV-1477-VEH, (Docs. 14, 15) (N.D. Ala. Sept. 30, 2008); *Smith v. Parker*, No. 4:08-CV-901-VEH, (Docs. 10, 11) (N.D. Ala. July 11, 2008); *Wright v. Allstate Ins. Co.*, No. 1:08-CV-449-VEH, (Docs. 6, 7)

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case").[3] "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction." *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla.

---

(N.D. Ala. Apr. 23, 2008); *Standfield v. Fleet Global Services*, No. 2:07-CV-2307-VEH, (Docs. 10, 11) (N.D. Ala. Mar. 11, 2008).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Dec. 3, 2007) (citing *Lowery*, 483 F.3d at 1214 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'")).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215. Accordingly, Defendants have not satisfied their preponderance of evidence standard by unambiguously establishing the amount in controversy as mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this reason.

## III.   CONCLUSION

Thus, as analyzed above, the court lacks subject matter jurisdiction, and this action is due to be remanded to Jefferson County Circuit Court. More specifically, Defendants' reliance upon diversity jurisdiction is improper because the amount in controversy requirement has not been satisfied under *Lowery*. Accordingly, an order will be entered remanding the case to the Circuit Court of Jefferson County.

**DONE** and **ORDERED** this the 6th day of August, 2009.

*/s/ Virginia Emerson Hopkins*
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge